UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR 14-223 JRT/FLN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) THOMAS EDWARD ROSENSTEEL III,<br>(2) ROBERT SCOTT ASLESEN, a/k/a "ROD" ASLESEN,<br>(3) JUSTIN JOSEPH CHRISTENSON, and<br>(4) DALE RUSSELL WURZINGER,<br><br>Defendants. | INDICTMENT<br><br>18 U.S.C. § 2<br>18 U.S.C. § 1343<br>18 U.S.C. § 1349 |

THE UNITED STATES GRAND JURY CHARGES THAT:

**Introduction**

At all times relevant to this Indictment:

1. This is a mortgage fraud case in which the defendants devised and executed a scheme to defraud mortgage lenders, and conspired with one another and others to defraud mortgage lenders financing the purchase of real estate.

2. The defendants were residents of the state of Minnesota.

3. Defendant Thomas Edward Rosensteel owned and controlled Split Rock Realty, LLC ("Split Rock Realty") and Split Rock Properties, LLC ("Split Rock Properties"). Rosensteel held real estate broker and salesperson licenses with the state of

SCANNED
JUL 09 2014
U.S. DISTRICT COURT ST. PAUL

Minnesota. Split Rock Realty held a corporate real estate license with the state of Minnesota.

4. Defendant Robert Scott "Rod" Aslesen owned and controlled Options Plus Realty, Inc. ("Options Plus"); Split Rock Title, LLC ("Split Rock Title"); Eastwind Construction Partners, LLC (also known as Eastwind Construction Consulting, and collectively referred to as "Eastwind Construction"); and RETAMCO, Inc. ("Retamco"). Aslesen held a notary commission, a resident insurance producer license, and real estate broker and closing licenses, with the state of Minnesota. Options Plus held a corporate real estate license with the state of Minnesota. Split Rock Title held an insurance producer license with the state of Minnesota.

5. Defendants Justin Joseph Christenson and Dale Russell Wurzinger worked for defendant Rosensteel at Split Rock Realty. Christenson and Wurzinger both held real estate salesperson licenses with the state of Minnesota.

6. Washington Mutual Bank ("Washington Mutual") was a financial institution within the meaning of Title 18 of the United States Code, the deposits of which were insured by the Federal Deposit Insurance Corporation.

### Scheme To Defraud Mortgage Lenders

7. From in or about July 2006 through about October 2007, in the state and District of Minnesota, the defendants,

**THOMAS EDWARD ROSENSTEEL,
ROBERT SCOTT ASLESEN, a/k/a "ROD" ASLESEN,
JUSTIN JOSEPH CHRISTENSON, and
DALE RUSSELL WURZINGER,**

along with Amry Elsafy, James Bryan Crook, and Gerald Edwin Carlson, and others known and unknown to the grand jury, each aiding and abetting one another, devised and intended to devise a scheme and artifice to defraud mortgage lenders and to obtain money by means of materially false and fraudulent pretenses, representations, and concealment of material facts.

8. The defendants and others recruited unsophisticated or insider buyers to apply for mortgage loans to purchase residential real estate, particularly excess builder inventory for new residential developments, including developments located in Otsego, Maple Lake, Big Lake, Ramsey, and Plymouth, Minnesota.

9. To induce the buyers to agree to purchase properties, the defendants represented to prospective buyers that they would receive money back after the transactions closed.

10. Defendant Christenson and others worked to influence the appraisals for the properties, to allow the defendants to set prices high enough for there to be excess loan proceeds sufficient to cover kickbacks to buyers, as well as undisclosed payments to the defendants and others.

11. Defendants Rosensteel and Wurzinger arranged for Amri Elsafy, a licensed mortgage broker who owned and controlled The Mortgage Shop Service, Inc. (the "Mortgage Shop"), to provide down payment money for many buyers, which money was returned to Elsafy after closing and often recycled as down payment money for other buyers of other properties. The defendants concealed from the mortgage lenders that a broker was providing down payments for buyers, and instead falsely represented to the

3

mortgage lenders that the buyers were putting their own money into the properties they were purchasing.

12. With the participation of Elsafy, James Bryan Crook, and Gerald Edwin Carlson, the defendants caused false loan applications, false supporting documents, and false settlement and closing documents to be submitted to mortgage lenders on behalf of buyers. In many cases, the applications falsely overstated buyers' income and assets. The defendants also caused altered bank statements to be submitted to mortgage lenders to make it appear as if some buyers had assets sufficient to meet their down payment obligations. The defendants also caused settlement and closing documents to be submitted that falsely represented the terms of the proposed transactions, including the true purchase prices of the properties and the concealed kickback payments that were to be made from the loan proceeds.

13. Defendants Rosensteel and Aslesen used Options Plus as a conduit through which excess loan proceeds were returned to buyers at or soon after the closings. Mortgage lenders were told that Options Plus was receiving a substantial "commission" from the sellers, in amounts ranging from about $25,000 to $70,000 per transaction. However, the defendants concealed from mortgage lenders that Options Plus was kicking back almost all of those "commissions," less a portion that Aslesen kept, to the buyers and other undisclosed recipients.

14. Defendants Rosensteel and Aslesen also used Eastwind Construction as a conduit to funnel excess loan proceeds to buyers at or after closings. Defendants represented to mortgage lenders that Eastwind Construction was entitled to a "consulting

4

fee," when in fact, no real consulting services were performed, and the defendants concealed from the mortgage lenders that Eastwind Construction was kicking back almost all of those funds, less a portion that Aslesen kept, to the buyers and other undisclosed recipients. Defendant Aslesen caused to be created false Eastwind Construction invoices and lien waivers, to make it appear as if consulting services had been provided.

15. The buyers received sufficient kickbacks from Aslesen, via Options Plus or Eastwind Construction, to cover the purported down payments that the mortgage lenders were told the buyers were making with their own funds.

16. After the closings, the defendants caused hidden payments to be made to themselves, and other participants in the transactions, out of the fraudulently-obtained loan proceeds.

17. The false representations and concealed true facts were material to the mortgage lenders financing the transactions, in that, among other things, they prevented them from calculating the true loan-to-value ratios, assessing the true equity stake of the buyers, and determining the true credit risk associated with the transactions.

18. Almost all of the loans funded as part of this scheme defaulted, and the properties were foreclosed upon, causing millions of dollars in losses.

## COUNTS 1-8
(Wire Fraud)

19. The grand jury realleges and restates paragraphs 1 through 18 of this Indictment as if fully set forth herein.

20. On or about the dates set forth below, in the state and District of Minnesota, the defendants,

**THOMAS EDWARD ROSENSTEEL,**
**ROBERT SCOTT ASLESEN, a/k/a "ROD" ASLESEN,**
**JUSTIN JOSEPH CHRISTENSON, and**
**DALE RUSSELL WURZINGER,**

along with others known and unknown to the grand jury, each aiding and abetting one another, for the purpose of executing the above-described scheme and artifice to defraud mortgage lenders, did knowingly cause to be transmitted, in interstate commerce, by means of wire communication, certain signals and sounds, as further described below:

| Count | Date | Wire |
|---|---|---|
| 1 | January 31, 2007 | Wire transfer of $286,501.16 from Washington Mutual Bank in California to a Split Rock Title account at Bremer Bank in Minnesota |
| 2 | May 22, 2007 | Wire transfer of $321,708.90 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |
| 3 | July 12, 2007 | Wire transfer of $170,907.99 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |
| 4 | July 25, 2007 | Wire transfer of $322,532.49 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |
| 5 | September 13, 2007 | Wire transfer of $246,068.97 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |
| 6 | September 21, 2007 | Wire transfer of $233,803.70 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |

| Count | Date | Wire |
|---|---|---|
| 7 | September 25, 2007 | Wire transfer of $233,989.62 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |
| 8 | October 12, 2007 | Wire transfer of $241,018.79 from Washington Mutual Bank in California to a Compass Title account at Community Bank Plymouth, n/k/a KleinBank, in Minnesota |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 9
(Conspiracy to Commit Wire Fraud)

21. The grand jury realleges and restates paragraphs 1 through 20 of this Indictment as if fully set forth herein.

22. Beginning in about July 2006 and continuing through about October 2007, in the state and District of Minnesota and elsewhere, the defendants,

**THOMAS EDWARD ROSENSTEEL,
ROBERT SCOTT ASLESEN, a/k/a "ROD" ASLESEN,
JUSTIN JOSEPH CHRISTENSON, and
DALE RUSSELL WURZINGER,**

along with Amri Elsafy, James Bryan Crook, Gerald Edwin Carlson, and others known and unknown to the grand jury, did knowingly and willfully combine, conspire, and agree with each other and other persons to execute a scheme and artifice to defraud mortgage lenders and to obtain money, by knowingly causing to be transmitted, in interstate commerce, by means of wire communication, certain signals and sounds, in violation of Title 18, United States Code, Section 1343.

**Purpose of the Conspiracy**

23. The purpose of the conspiracy was to obtain money from mortgage lenders, in the form of real estate loan proceeds, by making materially false representations to lenders and concealing material information from lenders about real estate purchases.

**Manner and Means of the Conspiracy**

24. The manner and means of the conspiracy included:

   a. recruiting unsophisticated or insider buyers to apply for mortgage loans to purchase residential real estate, by promising them that they would receive money back after the transactions closed;

   b. working to influence and inflate the appraisals for the properties, to allow the defendants to set prices high enough for there to be excess loan proceeds sufficient to cover kickbacks to buyers, as well as undisclosed payments to the defendants and others.

   c. providing down payment money for buyers to conceal from mortgage lenders that buyers were not putting their own money into the properties;

   d. causing false loan applications, false supporting documents, and false settlement and closing documents to be submitted to mortgage lenders on behalf of buyers, which falsely represented to mortgage lenders the buyers' true financial conditions and which falsely represented to mortgage lenders that the inflated prices of the properties were the true sales prices;

8

  e. funneling kickbacks to buyers and others outside of closing;

  f. causing mortgage lenders to wire transfer funds in interstate commerce to bank accounts controlled by Split Rock Title and Compass Title in Minnesota; and

  g. all the manners and means described above in paragraphs 7 through 18 above, which the grand jury realleges and restates as if fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

Counts 1 through 9 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

As the result of the offenses alleged in Counts 1-9 of this Indictment, the defendants,

**THOMAS EDWARD ROSENSTEEL,
ROBERT SCOTT ASLESEN, a/k/a "ROD" ASLESEN,
JUSTIN JOSEPH CHRISTENSON, and
DALE RUSSELL WURZINGER,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violations.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title

21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY            FOREPERSON